UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
CAROLYN E. BUTLER,                                           :         Civil Action No. 05-5757 (FLW)
                                                             :
        Plaintiff,                                           :
                                                             :
        v.                                                   :         OPINION
                                                             :
S. SIMMONS & ASSOCIATES, INC., SSS                           :
ENTERPRISES, FIRST COMMERCIAL CORP.,                         :
B&B BAIL BONDS AND ABC CORP I-V'S                            :
(Fictitious companies)                                       :
                                                             :
        Defendants.                                          :
_____:

**WOLFSON, District Judge**

      Presently before the Court is a motion by Plaintiff, Carolyn E. Butler, for default judgment on her claims against Defendants, S. Simmons & Associates, Inc. ("S. Simmons"), SSS Enterprises, First Commercial Corp., B&B Bail Bonds, and ABC Corp I-V's for failure to appear or otherwise respond to Plaintiff's Complaint of May 8, 2006 and Amended Complaint of August 9, 2006.  For the reasons set forth below, Plaintiff's motion will be GRANTED.

**I. Background**

      Approximately ten to fifteen years ago, Plaintiff, Carolyn E. Butler, posted bail for an individual, who failed to appear in court.  Butler Aff. ¶ 2.  As a result of the individual's failure to appear in court, Plaintiff owed the bail bondsman company full payment.  Id.  However, the bail bondsman company did not contact Plaintiff for payment until December 28, 2004, when

Lila Sands of S. Simmons & Associates, Inc. sent Plaintiff a letter claiming that Plaintiff owed the company $4,254.61 with regard to the matter of "*State vs. Jeff Benjamin*." Pl. Memo. Default J. at p. 2. The letter demanded immediate payment and warned that Plaintiff's failure to pay could result in a judgment whereby Plaintiff's money, wages, or personal property could be seized by a Special Civil Part Officer. Id.; see also Minasian Cert, dated Dec. 19, 2006, at Ex.F. After receiving Ms. Sands' letter, Plaintiff contacted Ms. Sands. Butler Aff. ¶ 4. During their conversation, Ms. Sands stated that if Plaintiff's debt was not paid, Plaintiff's pay check would be garnished every two weeks for $500.00 regardless of Plaintiff's income. Id.

On December 7, 2005, Plaintiff commenced this suit against Defendant S. Simmons. Pl. Memo. Default J. at p. 1. Defendant S. Simmons was served with a copy of the Summons and Complaint on May 8, 2006. Id. According to the Proof of Service, Lila Sands of S. Simmons informed the process server that S. Simmons was now operating under the name of SSS Enterprises. Id. As a result, on May 17, 2006, Plaintiff filed an Amended Complaint naming SSS Enterprises as an additional Defendant, and Defendant SSS Enterprises was served with a copy of the Summons and Complaint on August 9, 2006. Id.

In Plaintiff's Amended Complaint, Plaintiff seeks damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"),[1] alleging that Defendants' actions

---

[1] In enacting the FDCPA, Congress sought to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e) (2007).

violated the FDCPA, in part, when Defendants sent Plaintiff their December 28, 2004 letter and threatened:

> litigation, the entry of a judgment and wage garnishments, setting forth a false representation that Plaintiff owed this debt and that Defendants could instituted [sic] suit or collect this alleged debt after the expiration of the statue of limitations. The statutorily required thirty day notice language was not included in the letter, and other required language which was not included was printed too small. The letter indicated that it was a "Legal Notice" and is captioned "State vs. Jeff Benjamin", falsely implying that the State of New Jersey is involved in this collection and that the letter had some special legal significance.

Pl's Amended Compl. ¶10.

Defendants failed to plead or otherwise appear. Thereafter, Plaintiff requested that the Clerk of the Court enter default pursuant to Fed. R. Civ. P. 55(a), and default was entered on October 3, 2006. Pl. Memo. Default J. at p. 1. On Defendant 19, 2006, Plaintiff filed a Motion for Default Judgment. Id. The Motion was returnable on February 5, 2007. Id. As of today, Defendants have not responded to nor opposed this Motion.

## II. Standard for Default Judgment

Federal Rule of Civil Procedure 55 governs the entry of default judgment. To obtain a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), a litigant must first obtain an entry of default from the clerk of the court pursuant to Fed. R. Civ. P. 55(a). Once this procedural hurdle has been met, it is within the discretion of this court whether to grant a motion for a default judgment. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). Moreover, when a defendant is in default, the Court treats all pleadings and allegations of the plaintiff as true. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990). However, even after properly

following the requirements of Rule 55, parties are not entitled to default judgment as of right and it is left to the "sound judicial discretion" of the Court. <u>Hritz v. Woma Corp.</u>, 732 F.2d 1178, 1180 (3d Cir.1984). Furthermore, the preference is to dispose of cases on the merits whenever practicable. <u>Id.</u> at 1181 (citations omitted).

**III. Discussion**

Since May 2006, Defendants have failed to appear and defend Plaintiff's claims against them. Pl. Memo. Default J. at p. 1. Moreover, on October 3, 2006, pursuant to an application by the Plaintiff, an entry of default was made by the Clerk of the Court against the Defendants. <u>Id.</u> Subsequently, on Defendant 19, 2006, Plaintiff filed a Motion for Default Judgment. <u>Id.</u>

Plaintiff brings this action against Defendants pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Pl's Amended Compl. at p. 1. The facts plead in the Amended Complaint concerning Defendants' actions regarding their debt collection practices are sufficient to state a cause of action thereunder. <u>Id.</u> ¶¶ 10-18. Specifically, Plaintiff has plead sufficient facts – namely, the December 28, 2004 letter sent by Defendants to Plaintiff demanding payment on a debt that was beyond the applicable statute of limitations period and threatening Plaintiff with abusive collection tactics – that demonstrate that Defendants' debt collection practices were abusive and violated the FDCPA – <u>Id.</u>

Plaintiff requests money damages in the form of statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k. Pursuant to 15 U.S.C. § 1692k(a)(2)(A), courts may award damages not to exceed $1,000.00 in cases filed by individuals regardless of whether the individuals suffered any actual damages. <u>Id.</u> Plaintiff asks this Court to award the maximum statutory damages of $1,000.00 based on Defendants' numerous violations of the FDCPA. Pl.

4

Memo. Default J. at p. 5.  In determining the amount of damages to award, courts must consider, in addition to other relevant factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."  15 U.S.C. § 1692k(b)(1).  Here, the Court finds an award of $1,000.00 to be appropriate and reasonable given Defendants' abusive debt collection practices.

Finally, Plaintiff seeks $5,221.50 in attorney's fees and $315.50 in costs pursuant to 15 U.S.C. § 1692k.  Pl. Memo. Default J. at p. 6.  Plaintiff has submitted a certification setting forth the amount of costs and attorney's fees incurred in prosecuting this action.  Pursuant to 15 U.S.C. § 1692k(a)(3), successful plaintiffs are entitled to reasonable attorney's fees and costs "as determined by the court."   This Court finds the time billed and rates charged by counsel are reasonable.  Pursuant to 15 U.S.C. § 1692k(a)(3), Plaintiff is entitled to such reasonable fees and costs.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for default judgment against Defendants is granted and Plaintiff may recover the sum of $6,537.00 which includes $1,000.00 in statutory damages, $5,221.50 in attorney's fees, and $315.50 in costs.  An appropriate order will follow.


Dated: March 13, 2007               /s/  Freda L. Wolfson
                                    The Honorable Freda L. Wolfson,
                                    United States District Judge